IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DERRIL McCRAY, | ) | |
| # 143526, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-188-WHA-JTA |
| | ) | (WO) |
| KAREN WILLIAMS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 7, 2022 (Doc. No. 42), Respondents filed a "Motion to Dismiss"

Petitioner James Derril McCray's petition for writ of habeas corpus under 28 U.S.C.

§ 2254. The Court CONSTRUES Respondents' motion also to contain a "Motion for Leave

to File a Motion to Dismiss" and, for good cause, ORDERS that the motion for leave to

file (Doc. No. 42) is GRANTED.

Further, for the reasons that follow, the undersigned finds that Respondents'

"Motion to Dismiss" (Doc. No. 42) should be granted and that this case should be dismissed

as moot.

**I.   DISCUSSION**

On March 4, 2021, McCray initiated this action by filing a 28 U.S.C. § 2254 petition

for writ of habeas corpus contending that the Alabama Department of Corrections

("ADOC") had incorrectly calculated his release date for his state prison sentence. (Doc.

No. 1.) Specifically, McCray argued that ALA. CODE § 15-22-26.2, a statute enacted after

he was sentenced, mandated his release from prison before the expiration date of his sentence as calculated by ADOC. (Doc. No. 1 at 2–6.) Respondents filed answers to the petition, and McCray filed replies to those answers. (*See* Doc. Nos. 23, 25, 27, 34, 35.)

On August 10, 2022, McCray, through his counsel, filed a "Notice of Mootness" in which he states: "Plaintiff has served his sentence and has been released. This case is moot." (Doc. No. 41 at 1.) Citing McCray's "Notice of Mootness," Respondents have moved for dismissal and assert that "Plaintiff's release from prison has resolved his Complaints and has resulted in Plaintiff no longer requiring relief from this Court."[1] (Doc. No. 42 at 1.)

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007). Because McCray has completed his sentence and has been released from ADOC custody, this Court cannot give him meaningful relief—a reduction in his sentence or release from custody—on his claims, were the claims to be found meritorious. Because no alleged injury can be redressed by a favorable decision, McCray's case is moot. *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because Munoz has been released . . ., we can no longer provide him the primary relief sought in his habeas corpus petition."); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Reaching the merits of the arguments presented by McCray would serve no purpose.

---

[1] ADOC records submitted by Respondents reflect that on May 15, 2022, while McCray's § 2254 petition was pending in this Court, McCray completed his sentence and was released from ADOC custody. (Doc. No. 42-1.)

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Respondents' "Motion to Dismiss" (Doc. No. 42) be GRANTED and that this case be DISMISSED as moot.

It is further

ORDERED that **by October 3, 2022**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of September, 2022.

*Jerusha J. Adams*

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE